Dear Mr. Drost,
You have requested an opinion of the Attorney General regarding whether the City of Sulphur may use an automated photographic traffic monitoring system to detect and fine, by civil ordinance, red light and speeding violations.
While the primary authority and responsibility for traffic control and the operation and use of all highways of the state is fixed in the Department of Highways in Title 32, section 1, et seq, La.R.S. 32:21
reserves to local authorities the power to regulate the flow of traffic within their corporate limits under their general police power in accordance with the provisions of R.S. 32:41, and 32:42.
La.R.S. 32:41 (A), sets out the police power of the municipality to adopt ordinances with respect to highways other than state maintained highways, and provides, in pertinent part, the following(emphasis added):
 A. Except as otherwise provided by law, this Chapter shall not be deemed to prevent local municipal authorities, with respect to highways other than state maintained highways within their corporate limits, from adopting ordinances:
 (2) Enforcing the provisions of this Chapter, regulations of the department and of the commissioner and local regulation adopted pursuant hereto, by means of police officers or by the use of traffic-control devices approved by the department; *Page 2 
 (13) Creating additional regulations controlling traffic upon non-state maintained highways within their corporate limits under their general police power so long as such regulations do not modify, or conflict with, the provisions of this Chapter or regulations of the department and the commissioner adopted pursuant hereto.
 32:41(C) sets out the police power of the municipality to adopt ordinances which purport to regulate the flow of traffic on state-maintained highways within the municipality. Here, in order for the ordinance to be proper, it must not "differ from" or be "in addition to" the provisions of state law. Municipalities may enact ordinances which "supplement" state law only with the written approval of the state Department of Transportation and Development. La.R.S. 32:41 (C) states as follows:
 C. Local municipal authorities also may adopt ordinances regulating traffic on state maintained highways within their corporate limits, so long as such ordinances do not establish regulations different from, or in addition to, the provisions of this Chapter and the regulations of the department and the commissioner adopted pursuant thereto. In addition, local municipal authorities may adopt ordinances which supplement the provisions of this Chapter and regulations of the department and commissioner adopted pursuant thereto but only after such ordinances have been approved in writing by the department. However, the municipal ordinance may provide for such penalties as are consistent with the authority granted by the local municipal charter or state statute under which the municipal government operates and the penalties imposed need not necessarily be consistent with the penalties provided by Section 57 of this Title.
It is the opinion of this office that the photographic traffic signal enforcement system as defined in Sulphur proposed ordinance 21-10(5)[1]
is simply an *Page 3 
alternate method of enforcement, by administrative procedure and subsequent civil fines, of an existing approved traffic control device. As such, use of the automated traffic signal enforcement system is a valid exercise of the Sulphur's police power pursuant to LA R.S. 32:41
(C).
Of further note, an ordinance enacted pursuant to La.R.S. 32:41 will be presumed valid, unless the party challenging its validity can establish by plain and palpable evidence that the ordinance has no real or substantive relation to the public health or safety or general welfare. Atty. Gen. Op. No. 84-750.
If you have any further questions or comments, please do not hesitate to contact our office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:_________________ David Caldwell Assistance Attorney General
 DC/jy *Page 1 
La. Atty. Gen. Op. No. 84-750, 1985 WL 203445 (La.A.G.)
 Office of the Attorney General State of Louisiana *1 Opinion No. 84-750 February 25, 1985
LAWS-GENERAL 61 R.S. 32:41
An ordinance enacted pursuant to LSA-R.S. 32:41 et 33j401 will be presumed valid, unless the party challenging its validity can establish by plain and palable evidence that the ordinance has no real or substantive relation to the public health or safety or general welfare.
 Ronald J. Brumfield Town Attorney Town of Franklinton 301 Eleventh Avenue Post Office Box 584 Franklinton, Louisiana 70438
Dear Mr. Brumfield,
Your request for an opinion of the Attorney General has been referred to me for research and reply. Your question as I understand it is:
Does the governing authority of the Town of Franklinton have the power to enact an ordinance prohibiting the parking of vehicles in parking spaces designated as reserved for the handicapped, when those parking spaces so designated are located in privately owned shopping centers?
Our system of laws have tended to reflect the attitude that society's needs are of primary concern in drafting legislation. The ordinance in question has as its primary intention to make shopping as comfortable as possible for the handicapped individual by reserving a few select parking spaces for his use. The primary concern of the governing authority is to protect its citizenry. The form of protection chosen must be in compliance with state and local statutes.
The mayor and alderman have the authority to pass all ordinances and to enforce the same by fine, LSA-R.S. 33:401(32). Ordinance 770 is a valid exercise of municipal authority.
The ordinance in question was designed to provide for a segment of the city's population that must be provided special accomodations if they are to enjoy the everyday liberties that the majority enjoy casually. Such an ordinance has a foundation in both our legislation and in its judicial interpretations. The courts will not interfere with a municipality's legislative authority in the exercise of its police power unless it is plain and palpable that such action has no real or substantive relation to the public health or safety or general welfare. Chapman v. City ofShreveport, 74 So.2d 142. "Ordinance 770 Section 19-40 Handicapped Parking Spaces Reserved" is a valid exercise of the Town of Franklinton's Police power. It is incidental to the care, management and control of the municipality that the mayor and board of alderman enact ordinances that will provide for the needs of its handicapped citizens. There is a presumption that a municipal ordinance adopted under police power is valid. The burden of proving the contrary is on him who asserts the invalidity or nullity of the ordinance, Chapman v. City of Shreveport, supra. A municipal ordinance will be held valid despite the fact that it will directly impact more nearly upon a limited class, U.S.C.A. Const.Amend. 14.
In determining the reasonableness of an ordinance, motive of a municipality's aldermen, who enjoy same stature as members of the legislature with respect to their legislative enactments, cannot be questioned, reasonableness of the ordinance itself is the primary issue,City of Crowley Fireman v. City of Crowley, La.App., 264.So.2d 368. The involved ordinance has a reasonable design and is not arbitrary nor capricious. Instead it seeks to assure handicapped citizens that their special needs are provided for by the City of Franklinton.
*2 R.S. 33:402(2) provides that the mayor and alderman have the authority "to adopt measures which are deemed necessary or proper for the protection of strangers and the traveling public or property." The enactment of Ordinance 770 serves this purpose. It is undoubtedly necessary that special provisions be made to accomodate the traveling handicapped individuals of our various *Page 2 
communities. As modern technology has increased the handicapped ability to travel, it is incumbent upon elected officials to adequately provide for the necessary conveniences attending this mobility. The ordinance in question is a fair, concerned and reasonable effort at attempting to provide the handicapped citizens of our community with a small number of parking spaces in various shopping centers throughout the city. The mayor and alderman have a duty to provide for the protection of the traveling public, La.R.S. 33:402(2) and Ordinance 770 is a legitimate exercise of this legislative authority.
In certain specific situations, with the authorization of either the owner or the person in charge of a parking area, local authorities may enact ordinances regulating traffic on private parking areas. La.R.S. 32:41
gives the mayor and aldermen the authority to enact ordinances allowing reserved parking spaces for the handicapped on private property only upon the request of either the owner or the person in charge of the general operation and control of the parking area. La, R.S. 32:41 is reproduced below in pertinent parts:
"Section 41. Power of local municipal authorities
D. Upon request of either the owner or the person in charge of the general operation and control of a parking area, local municipal authorities may adopt ordinances to:
(2). Regulate traffic in the parking area, (emphasis provided) including regulation by means of traffic control signals.
Ordinance 770 Section 19-40 is a valid exercise of municipal authority if enacted pursuant to the provisions of La.R.S. 32:41 (reproduced above).
It is our opinion that the Mayor and Alderman of the Town of Franklinton have the authority to enact Ordinance 770, prohibiting the parking of vehicles in parking spaces designated as reserved for the handicapped, even when those reserved spaces are located in privately owned shopping centers, based on the provisions of La.R.S. 32:41 andLa.R.S. 33:402(2).
I hope that this information is helpful to you. If this office may be of further assistance to you in this or in any other matter please do not hesitate to contact me.
 Sincerely,
 William J. Guste, Jr. Attorney General
 By: Rene Salomon Assistant Attorney General La. Atty. Gen. Op. No. 84-750, 1985 WL 203445 (La.A.G.)
[1] Sec. 21-10 (5)states: Photographic Traffic SignalEnforcementSystem or System shall mean a system that:
 a. Consists of a still camera system and full motion video camera system(30 frames per second or greater) installed to work in conjunction with an electrically operated traffic-control signal; and
 b. Is capable of producing at least three (3) separately recorded images 1)depicting the rear of a vehicle prior to entering the intersection of a red signal; 2) an image of the rear of the vehicle showing the license plate; and 3) an image of the rear of the vehicle in or through the intersection with a red signal visible that is not operated in compliance with the red-displays of the traffic control signal.
 c. All images must be synchronized to a single time source and provide the elapsed time between the first, second and third photographs or digital images specified in (b) above.